# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed May 2, 1891.

THE BALTIMORE BASE BALL AND EXHIBITION COMPANY

VS.

CLARENCE L. CHILDS.

*Wm. Shepard Bryan, Jr.,* and *Bernard Carter* for complainant.

*Thos. Ireland Elliott* for defendant.

PHELPS, J.—

The matters of the proposed amendment were especially known to the plaintiff before the bill was filed. By omitting reference thereto the plaintiff took the risk of their materiality, and took all the chances of a decision in its favor by withholding its offer to amend until after the opinion was filed. The baseball season is a short one. The effect of allowing the amendment at this late stage and retaining the bill and preliminary injunction for further answer, further testimony and hearing, taking into consideration the ordinary contingencies which are found in practice to retard the progress of causes, would practically be to insure the success of the club in its efforts to tie up the player during the greater part of the season, no matter what might be the final result in the proof. Attention has already been called to the extreme caution with which Courts of equity administer the extraordinary remedy invoked by the bill in this case. The constant effort must be to keep on the safe side of every doubtful question. Circumstances like these were absent from the cases so ably and forcibly presented in argument. The bill is dismissed.

# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed May 6, 1891.

THE BALTIMORE BASE BALL AND EXHIBITION COMPANY

VS.

CLARENCE L. CHILDS.

(Supplementary Opinion).

*Wm. S. Bryan, Jr.,* and *Bernard Carter* for complainant.

*Thomas I. Elliott* for respondent.

PHELPS, J.—

In this much debated case, there has been an argument as to the proper form of the decree to be passed. In the opinion on the merits of the case heretofore filed, no allusion was made to the defendant's continuing tender of $200 contained in his answer; of course it was tacitly assumed that the offer was made by the defendant in good faith.

It was also clearly intimated that by his retention of the money with knowledge of his rights, the defendant would be held to have signified his intention to abide by the contract, even in its modified form. By all the authorities, and upon the plainest equity, a party cannot deny the validity of a contract while retaining its fruits. Counsel for defendant, impressed by the force of these considerations, assured the Court that the $200 should be promptly refunded, and suggested that the signing of the decree should be suspended for a reasonable time to await the performance of this act of restitution, in compliance with the terms of the defendant's answer. That having been done by the repayment of the $200, the question of a decree or order in a conditional form is no longer important, and the decree will therefore be absolute.